Ms. Josefina M. Tamayo General Counsel Florida Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Ms. Tamayo:
On behalf of the Department of Children and Families, you have requested my opinion on substantially the following question:
Is a member of a community alliance created pursuant to section 20.19(6), Florida Statutes, an officer, employee, or agent of the state or of any of its subdivisions for purposes of the state's waiver of sovereign immunity contained in section 768.28(9)(a), Florida Statutes?
In sum:
A member of a community alliance is an "officer, employee, or agent of the state or of any of its subdivisions" for purposes of the state's waiver of immunity.
Section 768.28, Florida Statutes, serves to waive the immunity of the state and its agencies and subdivisions to the extent specified in that section. Monetary limitations are established allowing the payment of a judgment against the state and its agencies or subdivisions to any one person not to exceed $100,000 for any claim or judgment which, when totaled with all other claims paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[1] Punitive damages are excluded.[2]
Section 768.28(9)(a), Florida Statutes, provides:
"No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."
Thus, except as provided in section 768.28(9), Florida Statutes, the officers, employees, and agents of a state agency or subdivision are not personally liable in tort and may not be named as defendants in any action for injuries or damages suffered as a result of any act, event, or omission of action in the scope of their employment or function. The exclusive remedy for such injury is an action against the governmental entity, or the head of the entity in her or his official capacity.
"State agencies or subdivisions" are defined to include "the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority."[3]
Section 20.19(6), Florida Statutes, requires the Department of Children and Families (DCF), in consultation with local communities, to establish community alliances of the "stake-holders, community leaders, client representatives and funders of human services in each county to provide a focal point for community participation and governance of community-basedservices." (e.s.) The duties of the community alliance include:
"1. Joint planning for resource utilization in the community, including resources appropriated to the department and any funds that local funding sources choose to provide. 2. Needs assessment and establishment of community priorities for service delivery. 3. Determining community outcome goals to supplement state-required outcomes. 4. Serving as a catalyst for community resource development. 5. Providing for community education and advocacy on issues related to delivery of services. 6. Promoting prevention and early intervention services."[4]
The initial membership of a community alliance includes the district administrator for DCF and representatives from county government, the school district, the county United Way, the county sheriff's office, the circuit court corresponding to the county, and the county children's board, if one exists.[5] After the initial meeting of the alliance, bylaws must be adopted and membership may be increased to include individuals and organizations representing funding organizations, who are community leaders, who have knowledge of community-based service issues, or who otherwise have perspectives enabling them to accomplish the duties assigned to the alliance.[6] Members serve without compensation,[7]
are subject to the Florida Code of Ethics,[8] must act consistently with department policy and state and federal laws, rules, and regulations,[9] and must submit annual disclosure statements of interests in services within the purview of the alliance.[10]
Community alliances are established by state statute. Section 20.19, Florida Statutes, in setting forth the structure of the Department of Children and Family Services, provides in subsection (6) of the statute for the establishment, membership, and duties of the community alliances.[11] Alliance meetings are open to the public pursuant to the Government in the Sunshine Law and records of these groups are public records pursuant to section 119.07(1), Florida Statutes.[12]
This office has previously determined that community alliance members are officers for purposes of the dual officeholding prohibition contained in Article II, section 5(a), Florida Constitution.[13] That opinion noted that the alliances have been charged with the governance of community-based services and empowered to plan how resources appropriated to the department and from local sources are to be used. Thus, the opinion concluded that "community alliances have been granted a portion of the state's sovereign power." Members of the alliances, by possessing such power, are to be considered public officers subject to the dual officeholding prohibition.[14]
Based on similar considerations, community alliances would also appear to fall within the definition of state agencies or subdivisions for purposes of section 768.28, Florida Statutes.[15]
Therefore, it is my opinion that a member of a community alliance created pursuant to section 20.19(6), Florida Statutes, is an "officer, employee, or agent of the state or any of its subdivisions" for purposes of the waiver of sovereign immunity contained in section 768.28(9)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 768.28(5), Fla. Stat.
[2] Id.
[3] See, s. 768.28(2), Fla. Stat.
[4] Section 20.19(6)(b), Fla. Stat.
[5] Section 20.19(6)(d), Fla. Stat.
[6] Section 20.19(6)(e), Fla. Stat.
[7] Section 20.19(6)(f), Fla. Stat.
[8] Section 20.19(6)(g), Fla. Stat.
[9] Section 20.19(6)(h), Fla. Stat.
[10] Section 20.19(6)(i), Fla. Stat.
[11] See, s. 20.19(6)(a), Fla. Stat. (1994 Supp.), providing that the Department of Children and Family Services shall, in consultation with local communities, create a community alliance in each county or in more than one county when such arrangement is determined to provide for more effective representation.
[12] Section 20.19(6)(j), Fla. Stat.
[13] See, Op. Att'y Gen. Fla. 00-72 (2000).
[14] And see, Inf. Op. to Ms. Joni Goodman, dated May 4, 2001, and reaffirming this office's opinion that members of community alliances are officers for purposes of Article II, section 5(a), Florida Constitution.
[15] Cf., Op. Att'y Gen. 95-56 (1995), in which this office determined that a member of a health and human services board, the predecessor entity to community alliances, was an "officer, employee, or agent of the state or of any of its subdivisions" for purposes of the waiver of sovereign immunity in section 768.28, Florida Statutes.